## Cheltenham Township *v.* Cheltenham Police Department.

Argued February 7, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Gilbert P. High, Jr.,* with him *Samuel H. High, Jr., Walton Coates,* and *High, Swartz, Roberts & Seidel,* for appellant.

*Stanley M. Shingles,* with him *Fineman and Fineman,* for appellee.

OPINION BY JUDGE WILKINSON, March 15, 1973:

Following unsuccessful collective bargaining, pursuant to the Act of June 24, 1968, P. L.     , No. 111 (Act 111), 43 P.S. §217.1, appellant, Cheltenham Township, and appellee, Cheltenham Police Department, submitted the issues in dispute to binding arbitration as provided by Section 4 of Act 111, 43 P.S. §217.4.   On December 21, 1971, the Board of Arbitration made the award now being challenged in part by appellant.   Appellant filed a Petition for Certiorari in the Supreme Court of Pennsylvania under Rule 68-1/2 which was granted on February 9, 1972.   The Order granting the Petition also transferred the matter to this Court for disposition on the merits.

The award of the Board of Arbitration was unanimous and contained seventeen Articles.   Article XVI provided that all disputed requests made by either party, other than those specifically granted or denied in whole or in part, were denied.   Appellant, Cheltenham Township, challenges four of the Articles dealing with four disputed requests.   We will treat them separately.

## Article VI.   Retirement

"Each member of the bargaining unit shall be eligible for retirement at age fifty-three (53), if he has completed twenty-five (25) years of service."   Section 1 of Act 111, 43 P.S. §217.1, specifically includes retirement within the permissible scope of collective bargaining.   Thus, as a legitimate term or condition of employment, a dispute over matters of retirement can be submitted to an Act 111 arbitration panel.   *Washington Arbitration Case,* 436 Pa. 168, 259 A. 2d 437 (1969).

While we conclude that the subject of this Article was properly before the arbitrators, our review must also determine whether the terms of Article VI will require the appellant to "perform any duty or take some action which is impliedly or specifically prohibited by the statutory law governing its affairs". *Allegheny County Firefighters, Local 1038, International Association of Firefighters v. Allegheny County*, 7 Pa. Commonwealth Ct. 81, 86, 299 A. 2d 60, 62 (1973). The pertinent statutory law, Section 3 of the Act of May 29, 1956, P. L. 1804 (1955), as amended, 53 P.S. §769, provides: "Each ordinance or resolution establishing a police pension fund shall prescribe a minimum period of total service in the aggregate of twenty-five years . . . and shall fix the age of the members of the force at fifty-five years, or, *if an actuarial study of the cost shows that such reduction in age is feasible,* may fix the age of the members of the force at fifty years, after which they may retire from active duty. . . ." (Emphasis supplied.) Assuming the statute permits retirement age to be fixed at any point between age fifty (50) and age fifty-five (55), by candid admission of both parties in their briefs, as well as at oral argument, no actuarial study was made to determine that the reduction to age fifty-three (53) was feasible. Therefore, to compel the appellant to implement Article VI of the award in the absence of an actuarial study showing the feasibility of the retirement age of fifty-three (53) would contravene an express statutory requirement. Therefore, the Award of the Board of Arbitration contained in Article VI must be set aside.

Article VIII.  Residency Requirement

"A.  On and after January 1, 1972, all present members of the bargaining unit may reside outside of the Township limits, provided they reside not more than

four miles from the headquarters of the Police Department. In hardship cases this limit may be extended by special permission of the Chief.

"B. On or after January 1, 1972, an applicant for employment as a patrolman shall not be ineligble because of residence outside of the Township limits provided he resides not more than four miles from the headquarters of the Police Department."

A specification of residence as a requisite for application to or membership in a police department clearly is a condition of employment within the meaning of Section 1 of Act 111, 43 P.S. §217.1. Residency requirements are, therefore, within the scope of the arbitration award.

Article VIII does not impose a mandate upon the appellant which conflicts with any statutory law governing first class townships. See Section 639 of The First Class Township Code, Act of June 24, 1931, P. L. 1206, as amended, 53 P.S. §55639. Section 639 confers broad discretion in matters of residency requirements. Article VIII of the award requires only that the appellant do that which it could do on its own volition. Article VIII must be affirmed.

### Article XIV.  Grievance Procedure

"A.  If a dispute arises between the parties to this Award concerning the interpretation and/or application of any provision set forth herein, such dispute shall be settled in the following manner:

"1.  The dispute shall be reduced to writing by the complainant and submitted to the chief executive of the policeman's collective bargaining organization and to the Chief of Police of the Township.  2.  Within a reasonable time thereafter, these two individuals shall meet, accompanied by their respective attorneys if either so desires, and endeavor to settle the dispute by mutual

agreement. 3. If the negotiators are not able to agree upon a mutually satisfactory settlement, either party may request arbitration of the dispute.

"B. If arbitration is requested and the parties cannot agree upon an arbitrator, an arbitrator shall be selected with the aid of the Philadelphia office of the American Arbitration Association in accordance with its Rules. The arbitrator's decision of the disputed issues, including the matter of arbitrability if that issue is raised, shall be final and binding upon the parties.

"C. Each party shall pay one-half of the arbitrator's fee and other expenses."

This Court recently considered a similar four-step grievance procedure culminating in binding arbitration. *Allegheny County Firefighters, Local 1038, International Association of Firefighters v. Allegheny County,* 7 Pa. Commonwealth Ct. 81, 299 A. 2d 60 (1973). This Court there held that such a grievance procedure was not within the ambit of "terms and conditions of employment," and was, therefore, not a proper matter of collective bargaining under Act 111. Although *Allegheny* expressly is not dispositive of all possible forms of grievance procedures, the procedure embodied in Article XIV cannot be distinguished in any real way from that rejected by this Court in *Allegheny.* The award of the Board of Arbitration contained in Article XIV must be set aside.

## Article II. Wages

There is no need to quote this Article which deals with wages and provides for specific increases. Appellant asserts that the increases are in excess of the guidelines formulated under authority of the Economic Stabilization Act of 1970, Pub. L. No. 91-379, Title II, 84 Stat. 799, as amended, 12 U.S.C.A. 1903 (note). Appellant's remedy, which we are told in appellee's brief

366

has been taken, is by petition to the "Pay Board" created by Executive Order 11627, October 15, 1971, as amended, 12 U.S.C.A. 1904. This Court is not in a position with this record to pass on this point, nor do we feel that the situation is such that we should create such a record. *See Brookchester, Inc. v. Matthews,* 118 N.J. Super. 565, 289 A. 2d 275 (1972). The award of the Board of Arbitration contained in Article II must be affirmed.

#### ORDER

The Award of the Board of Arbitration is modified to exclude Article VI covering Retirement, and Article XIV covering Grievance Procedure.