Walter Lekovitch, Nekodie Mudd, Anthony Prezeosi, Felix Palmer and Joseph Vranich, Appellants, *v.* Borough of Rankin; Matthew Furjanic, Mayor; George Tishko, George Fedak, Ralph Rocco, Samuel T. Roy, Heintzelman Price, Jr., Thomas Vilaj, Charles Zezza, Members of the Borough Council, Appellees.

Argued November 7, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., MENCER, ROGERS and BLATT. Judges KRAMER and WILKINSON, JR. did not participate.

*Ronald P. Koerner,* with him *Gatz, Cohen, Segal & Koerner,* for appellants.

*Leo Kostman,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., January 15, 1975

Before us is an appeal from an order of the Court of Common Pleas of Allegheny County which sustained the preliminary objections of the Borough of Rankin and the members of the Borough Council of Rankin (Appellee). Appellants are Borough police officers.

On December 6, 1971, following arbitration, an award was made relating to the terms and conditions of employment in the Rankin Police Department for the year 1972. The award conformed to the Police and Fire Arbitration Act, Act of June 24, 1968, P.L. 237, 43 P.S. §§217.1 et seq. (Act 111). When Appellee refused to implement the award, Appellants commenced an action in mandamus to compel compliance with the terms of the award. Of particular concern was the increase in pay amounting to approximately seven hundred dollars per man per annum. The complaint prayed that the award be paid in full, retroactively to May 3, 1972 to comply with Federal Pay Board (Pay Board) regulations in effect at that time.[1] The preliminary objections filed by Appellee averred, *inter alia,* that the award exceeded federal guidelines which limited pay increases to 5.5%.[2] Appellee

---

1. Federal Pay Board Regulation 101.51 provides for exemption from wage controls for employers with sixty or fewer employees effective May 3, 1972.

2. Following the arbitration award, the Borough Solicitor inquired of the Pay Board concerning the validity of the pay increase and was advised that the standard 5.5% would govern wage adjustments "in the absence of appeal by the parties." This position was affirmed by the Pay Board in a subsequent letter dated February 1, 1972. The Presidential Order establishing the 5.5% level was promulgated November 14, 1971 and can be found at 36 Fed. Reg. 21791 (1971).

further averred that insufficient funds had been appropriated to meet the award to the extent that it exceeded 5.5% for the year 1972. The court overruled the preliminary objections.[3]

Then followed a series of events crucial to this appeal. Charles Brown, a representative of the Fraternal Order of Police, had appealed to the Pay Board during the pendency of the litigation before the court below, wherein he sought review of the decision which imposed the 5.5% guideline retroactively to May 3, 1972. Resulting from this appeal was a determination that the entire award for the year 1972 would not be subject to the 5.5% guideline and therefore the entire pay increase could be paid to the borough employees.[4]

When the preliminary objections were overruled the only relief to be considered by the court was an adjudication which would limit the 5.5% guideline to the retroactive date of May 3, 1972. Armed with the favorable ruling by the Pay Board, Appellants sought, and were granted leave to amend the original complaint in which they prayed for the full pay raise provided in the arbitra-

---

3. The thrust of the dismissal was based on our decision in *Tate v. Antosh*, 3 Pa. Commonwealth Ct. 144, 281 A. 2d 192 (1971) where we held that the failure of a municipality to appropriate sufficient funds to effectuate payment of an arbitration agreement does not relieve the municipality of the obligation to implement the arbitration agreement. *See Washington Arbitration Case*, 436 Pa. 168, 259 A. 2d 437 (1969). We do not reach the correctness of the applicability of *Tate* and the *Washington Arbitration Case* and whether, in fact, the Borough of Rankin was under a "legal duty" to make such appropriations as the dismissal of these preliminary objections is not properly before us.

4. The decision and order of the Pay Board reads in relevant part: "On the basis of a review of the entire record, the staff's analysis thereof, and the recommendations of the Category III Panel, it is found and concluded that an exception for the full amount of the pay adjustment submitted for approval should be granted pursuant to the criteria set forth in Section 201.11 (d) of the Pay Board regulations."

tion agreement which would be effective January 1, 1972. Appellees again filed preliminary objections not unlike the averments in the initial preliminary objections but added the contention that neither notice of the appeal to the Pay Board, nor notice of the Pay Board's ruling had been provided Appellee by Appellant. This they urged constituted a denial of fundamental due process of law. On the issue of lack of notice, the court below sustained Appellee's preliminary objections. This appeal followed.

We reject the contention that failure to notify Appellees of the Pay Board appeal and ruling are sufficient bases to sustain these preliminary objections. Appellant argues that these objections really are in the nature of a "collateral attack" on a finalized federal administrative decision. We agree.

Essentially what has occurred here is that the Pay Board has rendered a decision adverse to Appellees in which Appellees claim certain due process infringements. Without passing on the merits of the due process deficiencies in the federal administrative proceeding,[5] we conclude that Appellees cannot, by way of preliminary objections in a state mandamus proceeding, raise alleged errors in notice stemming from a federal administrative proceeding unless they exhaust the administrative review procedure prescribed by the Federal system. The procedural regulations of the Pay Board,[6] in effect at the

---

5. Section 205.28 of the Pay Board's Regulations, 37 Fed. Reg. 1006 (1972) says that the Pay Board gives notice of its rulings by sending the decision to the parties. There is no requirement that Appellant give notice. This would mean Appellee's only plausible due process argument would be the lack of notice of the appeal to the Pay Board.

6. Sections 205.1-205.64 of the Pay Board Procedural Regulations, 37 Fed. Reg. 1004-1007 (1972) were issued to implement the Economic Stabilization Act Amendments of 1971, P.L. 92-210, 85 Stat. 743, and Executive Order 11627, *as amended*, 12 U.S.C.A. §1904 note, 15 U.S.C.A. §1026, 5 U.S.C.A. §5305. The original

time of this action, specifically provide for reconsideration of the Pay Board's previous rulings,[7] and from there one may obtain eventual review in the Federal court system.[8] In the instant case, Appellee did eventually receive actual notice of the ruling of the Pay Board and could at that time have sought Board review. Instead, Appellee did not appeal the adverse determination, the effect of which finalized the ruling.

In *Cheltenham Twp. v. Cheltenham Police Department,* 8 Pa. Commonwealth Ct. 360, 365-66, 301 A. 2d 430, 433 (1973), which, *inter alia,* considered a challenge to the wage portion of a binding arbitration agreement arrived at under Act III we said: "Appellant asserts that the increases are in excess of the guidelines formulated under authority of the Economic Stabilization Act of 1970 . . . Appellant's remedy . . . is by petition to the 'Pay Board.' " (Citations omitted). Although the case before us is distinguishable in that the substantive wage itself is not in issue and the procedure of notice is the central question, the rationale is quite similar. The Pay Board should pass on matters uniquely within its jurisdiction and our State courts have no jurisdiction over matters within the Pay Board's province at the time.

We find that the lower court did err when it sustained Appellee's preliminary objections. The order of the court below is reversed and the preliminary objections are overruled.

Accordingly, the record of this case is remanded for proceedings consistent with this opinion resurrecting the cause in mandamus.

---

authority for Part 205 is the Economic Stabilization Act of 1970, P.L. 91-379, 84 Stat. 779, *as amended,* 12 U.S.C.A. §1904 note.

7. Sections 205.34 and 205.35, 37 Fed. Reg. 1006-07 (1972) are the sections which allow reconsideration of refusals to grant exceptions to pay challenges.

8. *See* Administrative Procedure Act, 5 USC §§701-06 (Supp. 1974) for the clarification of possible judicial review.