## Pottstown Police Association v. Pottstown Borough

*Arthur F. Loeben, Jr.*, of *Wells, Wells & Loeben*, for plaintiffs.

*John A. Koury, Jr.*, of *O'Donnell, Weiss, Mattei, Suchoza & Koury*, for defendants.

STEFAN, *J.*, June 5, 1975—

## FINDINGS OF FACT

1. Plaintiff is a nonprofit, unincorporated association of active and retired members of the Police Department of the Borough of Pottstown, Montgomery County, Pa.

2. Defendant is a political subdivision of the Commonwealth of Pennsylvania known as The Burgess and Town Council of the Borough of Pottstown.

3. In 1969, the parties engaged in collective bargaining regarding wages and various fringe benefits, pursuant to the Act of June 24, 1968, P.L. 237 (No. 111), sec. 1, 43 P.S. §217.1.

4. An impasse in the negotiations led to the selection of a tripartite arbitration panel, as provided by Act 111.

5. On December 8, 1969, the panel issued an award and opinion (hereinafter "award") which covered each of the contested issues, and became effective on January 1, 1970.

6. Two of the contested issues resolved by the award were hospitalization, under which defendant became obligated to pay the premiums covering an employe and wife to age 65 if not covered by another group plan; and life insurance, where $5,000 in coverage was to be provided for any employe aged 50 to 65 or retired, and $2,000 in coverage for those over 65 or retired up to age 70.

7. The wage and benefit agreements reached between the parties for the year 1971 provided that all previous benefits for police officers would remain in effect.

8. Among the agreements reached between the parties for the year 1972 was the following:

"Benefits for Retired Members
"It is agreed to accept the determination of a

court regarding the Borough's legal ability under the laws of the Commonwealth to provide hospitalization for the retiree and his spouse to age 65 and life insurance to age 70, as previously awarded by an Arbitration Board under Act 111."

9. On July 10, 1972, by resolution of the mayor and town council of the Borough of Pottstown, all fringe benefits for former employes who had retired were terminated.

10. On March 9, 1973, plaintiff commenced the present action, seeking reinstatement of the aforementioned benefits for retired police officers and reimbursement of any expenditures made by such retirees which otherwise would have been covered by the terminated benefits.

## DISCUSSION

Plaintiff's position, in substance, is that defendant's July 10, 1972, termination constituted a direct violation of the arbitration award which was the final determination of the issues and became binding on both parties. See section 7, Act 111, 43 P.S. §217.7(a).

Although the award constituted a final determination of the issues in question and became binding on both parties, 43 P.S. §217.7(a), it is not totally immune from a challenge of its provisions. An arbitration panel may not mandate that a governing body carry out an illegal act: Washington Arbitration Case, 436 Pa. 168, 259 A. 2d 437 (1969). As the court there pointed out: "[p]ublic employers are in many respects more limited in what they may do vis-a-vis their employees, and those limitations must be maintained. The essence of our decision is that an arbitration award may only require a public

employer to do that which it could do voluntarily.": 436 Pa., at 177.

Consequently, this court's inquiry must be directed to ascertain whether defendant has been bound to undertake any duty or action which either impliedly or specifically is forbidden by the statutory law governing its affairs: Cheltenham Township v. Cheltenham Police Department, 8 Pa. Commonwealth Ct. 360, 301 A. 2d 430 (1973).

Defendant, of course, is a nonsovereign body and derives its corporate powers from the provisions of The Borough Code of February 1, 1966, P.L. (1965) 1656 (No. 581), sec. 101, 53 P.S. §45101 et seq. Defendant's statutory authority for entering into such hospitalization and life insurance coverage contracts is section 1202(37) of The Borough Code, 53 P.S. §46202(37), which, in pertinent part, authorizes defendant ". . . [t]o make contracts of insurance with any insurance company, association or exchange, authorized to transact business in the Commonwealth, insuring borough employes, or any class, or classes thereof, or their dependents, under a policy or policies of insurance covering life, health, hospitalization, medical and surgical service and/or accident insurance, and to contract with any such company, granting annuities or pensions, for the pensioning of borough employes, or any class, or classes thereof. . . ." Thus, the dispositive issue is whether retired police officers are included within the meaning of "employes, or any class or classes thereof" as above stated.

The term "employe" is not defined in The Borough Code, the applicable local ordinance, or in any other pertinent statutory authority. The standard definition of the term is contained in Black's Law Dictionary, 4th Edition, which at 617 defines

employe as: ". . . One who works for an employer; a person working for salary or wages; applied to anyone so working, but usually only to clerks, workmen, laborers, etc., and but rarely to the higher officers of a corporation or government or to domestic servants. . . .

"Generally, when person for whom services are performed has right to control and direct individual who performs services not only as to result to be accomplished by work but also as to details and means by which result is accomplished, individual subject to direction is an 'employee'. . . ." (Citations omitted.)

Application of common sense along with the above to the present situation compels the conclusion that one who is retired may not logically be deemed a borough employe. The very status of such personnel indicates that they have ceased working as police. They no longer earn a salary or wage; nor are they subject to direction by the borough. Accordingly, as of the date of their retirement from the police force, they no longer may be classified as employes of the borough.

Language regarding reserve status of police upon retirement from active duty which is contained in 53 P.S. §769 and in defendant's police pension ordinance does not alter the court's conclusion. Such infrequent utilization of retirees is insufficient to justify their continual classification as borough employes following termination of their active service; and, accordingly, such language must be deemed as surplusage to the issue at hand.

Since the court decides that retired police officers are not employes of defendant within the meaning of 53 P.S. §46202(37), defendant is without the au-

thority to pay hospitalization and life insurance benefits to such retired personnel. Accordingly, defendant's action in terminating these benefits as awarded by the 1969 arbitration award is upheld.

Inasmuch as the court was advised by counsel, at the outset of the hearing, that count II of the complaint had been settled, it need not be considered herein.

## CONCLUSIONS OF LAW

1. The court has jurisdiction to review the arbitration award.

2. The statutory authority for a borough contracting for hospitalization and life insurance benefits for its employes is 53 P.S. §46202(37).

3. A retired police officer is not included within the meaning of the term employe as used in the above statute.

4. Defendant is without authority to pay such hospitalization and life insurance benefits to those former employes who have retired.

5. Defendant acted in a reasonable and proper manner in terminating the aforementioned benefits.

## DECREE NISI

And now, June 5, 1975, after hearing, the relief sought by plaintiff in count I of its complaint in equity is denied.

This decree nisi becomes the final decree of this court unless exceptions are filed thereto within 20 days of this date by any party to this proceeding.