In the Matter of Arbitration Between Montgomery Township Police Department and Montgomery Township Board of Supervisors. Montgomery Township Board of Supervisors, Petitioner.

654

Argued December 4, 1975, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*William R. Cooper*, for appellant.

*Norton A. Freedman*, for appellee.

OPINION BY JUDGE MENCER, January 14, 1976:

Following an impasse in collective bargaining between the Montgomery Township Police Department and the Montgomery Township Board of Supervisors (Township) and pursuant to the Act of June 24, 1968, P. L. 237, 43 P.S. §217.1 et seq. (known as Act 111), the issues in dispute were submitted to binding arbitration as provided in Section 4 of Act 111 (43 P.S. §217.4). The award made by the panel of arbitrators on January 17, 1975 included item 16 which is the only subject of this appeal. Item 16 reads: "A police officer shall be eligible to retire at 50 years of age and after 25 years of service." The Township contends that implementing this item of the award would require it to take action prohibited by the statutory law and that, therefore, the item should be excluded. *See Washington Arbitration Case*, 436 Pa. 168, 259 A.2d 437 (1969); *Cheltenham Township v. Cheltenham Police Department*, 8 Pa. Commonwealth Ct. 360,

301 A.2d 430 (1973); *Firefighters Local 1038 v. Allegheny County,* 7 Pa. Commonwealth Ct. 81, 299 A.2d 60 (1973).

Specifically, the Township refers us to Section 3 of the Act of May 29, 1956, P. L. 1804, *as amended,* 53 P.S. §769, which provides in pertinent part:

> "Each ordinance or resolution establishing a police pension fund shall prescribe a minimum period of total service in the aggregate of twenty-five years in the same borough, town or township ánd shall fix the age of the members of the force at fifty-five years, *or, if an actuarial study of the cost shows that such reduction in age is feasible, may fix the age of the members of the force at fifty years. . . ."* (Emphasis added.)

In *Cheltenham Township, supra,* this Court has held that Section 3 requires, as a precondition to enactment, that an actuarial study be performed to show the economic feasibility of lowering the retirement age. We find that case to be controlling here. While it is true that in this case, unlike *Cheltenham,* there is a factual dispute as to whether an actuarial study was made or considered by the panel, the record here does not reveal that any actuarial study was made to determine the feasibility of implementing retirement at age 50. Without evidence in the record that the arbitration panel had such a study before it and considered the study in making its award, we are compelled to set aside the early retirement provision in item 16.

Accordingly, we enter our

## ORDER

Now, this 14th day of January, 1976, the award of the board of arbitration which is the subject of the above captioned appeal is modified to exclude item 16 providing retirement at age 50.