City of Pittsburgh *v.* Fraternal Order of Police, Fort Pitt Lodge #1. City of Pittsburgh, Appellant.

Argued May 3, 1976, before President Judge BOW-MAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Eugene B. Strassburger, III,* Deputy City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellant.

*Bryan Campbell,* with him *Mansmann, Beggy, and Campbell,* for appellee.

PER CURIAM MEMORANDUM OPINION, June 11, 1976:

In this case, pursuant to Pa. R.J.A. No. 2101, we granted review of an arbitration award made under the Act of June 24, 1968, P.L. 237, 43 P.S. §217.1 et seq. (Act), after an impasse had developed in collective bargaining between the City of Pittsburgh and its policemen for the calendar year 1976.

In issue are two provisions of the award; one concerning grievance procedures and the other concerning the "Unenforceability Provision" of the award. The grievance procedure to resolve differences regarding the interpretation or application of, or compliance with, the award is one commonly referred to as a four step procedure with the last step being binding arbitration of differences not resolved in the prior steps. The City argues that the grievance procedure containing the ultimate binding arbitration of unresolved differences is unlawful. We agree. In all material respects, these provisions of the arbitration award are not distinguishable from those we struck down in *Allegheny County Firefighters, Local 1038 v. Allegheny County,* 7 Pa. Commonwealth Ct. 81, 299 A.2d 60 (1973) and *Cheltenham Township v. Cheltenham Police Department,* 8 Pa. Commonwealth Ct. 360, 301 A.2d 430 (1973).

Paragraph 6 of the award is captioned "Unenforceability Provision". In essence, it provides if any benefit provided in the award (benefit not otherwise being defined) is declared unlawful or is deemed unenforceable by the City, the total value thereof shall be computed and paid to all police officers on a per capita basis as part of each police officer's annual salary. The value of any such unlawful or unenforceable benefit, if disputed, is subjected to Step 4 of the grievance procedure, i.e., binding arbitration. The vice of this portion of the arbitration award is self-evident by its application to the case at hand. Is the grievance procedure, we here strike down, a benefit to be translated into a dollar value? If so, but its value is not agreed to, we come full circle to the very binding arbitration we here strike down.

We need not and do not pass upon "unenforceability" provisions generally as arguably unlawful per se in an arbitration award issued under the Act, nor do we pass upon the unenforceability provision of this arbitration award as invalid for vagueness. We do declare that this particular provision culminating in binding arbitration, if otherwise not agreed to, is invalid in this respect for the same reasons as expressed in *Allegheny Firefighters, supra,* as an unlawful delegation of authority beyond that permitted by the Constitution of Pennsylvania and the Act.

Paragraph 5B, Step 4, and the last sentence of paragraph 6 of the Award of Arbitrator of November 29, 1975, are hereby set aside.