## Norristown Borough v. Fraternal Order of Police

*Robert S. Maerz,* for petitioner.
*Francis P. O'Hara,* for respondent.

MOSS, *J.,* October 14, 1977—The Borough of Norristown filed its petition for declaratory judgment under the Uniform Declaratory Judgments Act of June 18, 1923, P.L. 840, as amended, 12 P.S. §831 et seq.

Petitioner, a municipal corporation, has attempted to negotiate a collective bargaining agreement with the Fraternal Order of Police, Lodge No. 31, which is the official bargaining agent of the Norristown Police Department. An impasse has developed in the negotiations. As a result, the parties have submitted the matter to a board of arbitration under the Act of June 24, 1968, P.L. 237, 43 P.S. §217.1 et seq. (Act 111).

Respondent has not filed an answer to the petition. However, it should be noted that the record fails to disclose that the petition was lawfully served on respondent. An affidavit of service of the petition by ordinary mail was filed. The Uniform Declaratory Judgments Act of May 22, 1935, P.L. 228, sec. 2, as amended, 12 P.S. §848, prescribes that "service shall be by giving a copy thereof to the party to be served personally, or by leaving such copy with some adult member of his family at his place of residence." Hence it appears that service of the petition was not lawfully made. It may be that defendant is treating the matter as if lawful service had been made. However that may be, defendant's counsel, Francis P. O'Hara, filed a brief in this action not raising any question about service of the petition.

Petitioner is apprehensive that respondent at the arbitration will submit a demand for inclusion of a "no-layoff provision" in a collective bargaining agreement. Petitioner views this as an actual controversy between antagonistic parties which will inevitably result in litigation if the parties' rights are not made certain prior to the arbitration which allegedly was to be held on August 2, 1977.

The so-called "no-layoff provision" according to a brief submitted by defendant is as follows:

"In order to continue to fully protect the public's health, safety and welfare there shall be no layoffs, furloughs, terminations of employment or other reduction in the number of policemen employed during the term of this contract or arbitration award except for normal attrition due to retirement, resignation or discharge for just cause. Matters of financial exigency or other financial consideration shall not constitute a basis for layoff, furlough, or termination or reduction in the number of policemen employed.

In the event that this section shall be declared void or unenforceable, in whole or in part, by any court of competent jurisdiction, this section shall, nonetheless, remain in full force and effect until a determination has been obtained from the highest court of competent jurisdiction.

"If this section is still determined to be void or unenforceable, in whole or in part, by the highest court of competent jurisdiction, then the parties shall meet and negotiate a mutually satisfactory alternative to avoid or reduce the impact of a reduction in force necessitated by reasons of financial exigency.

"If the parties are unable to reach agreement, then the matter shall be submitted to final and binding arbitration. The arbitrator shall be selected by the same process in which an arbitrator is selected in an Act 111 arbitration. The arbitrator so selected shall be fully empowered to devise and formulate such rules and procedures as he, in his sole judgment, deems appropriate to resolve the dispute between the parties. He shall, further, be empowered to retain jurisdiction over the parties and the subject matter of the arbitration to insure its implementation, if necessary."

While the grant of a petition for a declaratory judgment is a matter of sound judicial discretion, the principles to guide the court in determining whether a declaratory judgment proceeding should be entertained are: "(1) that a declaratory judgment proceeding is not an optional substitute for established and available remedies; (2) that it should not be granted where a more appropriate remedy is available; (3) that it should not be granted unless compelling and unusual circumstances exist; (4) that it should not be granted where there is a dispute of facts, or such controversy may arise; and (5) that it should not be granted unless there is a clear manifestation that the declaration sought will be a practical help in terminating the controversy." Mohney Estate, 416 Pa. 107, 109-110, 204 A.2d 916 (1964).

Where parties "have *bargained* for arbitration rather than a judicial determination of their rights under their contract, the grant of a declaratory judgment circumventing their agreement would be inappropriate." Wirkman v. Wirkman Co., 392 Pa. 63, 67, 139 A.2d 658 (1958). Likewise, where a *statute* mandates arbitration of labor disputes, "Since a statutory remedy exists, an action in declaratory judgment does not lie." Port Authority of Allegheny County v. Amalgamated Transit Union, 430 Pa. 514, 516, 243 A.2d 433 (1968).

The court will grant relief in the event that the arbitrators, appointed under Act 111, make an award which was "not within the ambit of 'terms and conditions of employment,' and was, therefore, not a proper matter of collective bargaining under Act 111." Cheltenham Township v. Cheltenham Police Department, 8 Commonwealth Ct. 360, 365, 301 A.2d 430 (1973). Also, the court will

grant relief in the event that the award is violative of the statutory law governing the municipality: Cheltenham Township v. Cheltenham Township Police Department, 11 Pa. Commonwealth Ct. 348, 312 A.2d 835 (1973). However, the time of the court should not, and will not, be occupied in writing advisory opinions for the benefit of municipalities or collective bargaining agencies who may hope to have certain clauses incorporated in collective bargaining agreements: Johnson's Estate, 403 Pa. 476, 171 A.2d 518 (1961).

## ORDER

And now, October 14, 1977, the petition for declaratory judgment is dismissed.