**Saffren v. Newtown Township Supervisors**

*Thomas L. Kelly,* for plaintiff.
*Bruce A. Irvine,* for defendant.

PRESCOTT, *J.*, February 28, 1978—The matter before this court for consideration is a motion for judgment on the pleadings filed by defendant, Board of Supervisors for Newtown Township.

Counsel have stipulated to the following facts in the above-captioned matter:

Plaintiff, Albert A. Saffren, former Chief of Police of Newtown Township, Delaware County, Pa., and presently retired, filed a complaint in mandamus against the Board of Supervisors of Newtown Township alleging that the Board of Supervisors did not implement paragraph 9 of the arbitration award of the Board of Arbitrators for the Police of Newtown Township for the calender year 1972. More specifically, plaintiff claims that defendant did not implement the following portion of the arbitrators' award:

"With respect to the following four items:
"9.  (Life insurance),
"10.  (Retirement),
"11.  (Disability Benefits),
"12.  (Women and children's benefits).
"the award of the board is made subject to the

ability to fund the award solely from the existing pension fund to which the Commonwealth of Pennsylvania makes a yearly contribution from the foreign casualty insurance payments.

"9. *(Life insurance)*

"The request of the police in this area was amended from a $5,000 paid-up life insurance policy at retirement to a request that the township pay for a policy of life insurance in the sum or $5,000 on the life of each retiree until his death with the right of the retiree to name the beneficiary. The request as amended is hereby granted."

Defendant admits that it has failed to implement the aforesaid provision but claims that the reason for its failure to implement the same was because the aforesaid provision was contrary to law and therefore illegal. Plaintiff, Chief Saffren, is presently receiving the maximum pension benefits authorized under the Act of May 29, 1956, P.L. (1955) 1804, as amended, 53 P.S. §771.

The parties agree that Newtown Township has been informed by the Bureau of Police Pension and Firemen's Relief Fund Audits of the Office of the Auditor General, Commonwealth of Pennsylvania, that that office would object to post-retirement life insurance being paid from Commonwealth funds, and if such payment were made it would withhold allocations from the Police Pension Fund.

The issue before the court, as raised by the foregoing stipulation, admissions in the pleadings and statutory law; is a narrow one:

Is a defendant township required to implement a provision of a Police Arbitration Award where implementation of it would be outside the scope of defendant township's statutory authority?

Plaintiff, Albert A. Saffren, filed this complaint in

mandamus on October 10, 1975. Defendant filed an answer by which the following facts were admitted:

1. Defendant is a board of a political subdivision and was authorized to bargain collectively with the police of Newtown Township regarding compensation and working conditions of police officers employed by Newtown Township. Said township is classified as a second class township.

2. Plaintiff was the Chief of Police for the Newtown Township Police Department until July 1, 1972, at which time plaintiff retired.

3. On December 7, 1971, a board of arbitrators, appointed pursuant to the Act of June 24, 1968, P.L. 237, 43 P.S. §217.1, entered an award affecting the compensation and working conditions of all police officers employed by Newtown Township for the calendar year of 1972.

4. Paragraph 9 of said award provides as follows:

"Life Insurance—the request of the police in this area was amended from a Five Thousand ($5,000.00) Dollar paid-up life insurance policy at retirement to a request that the Township pay for a policy of life insurance in the sum of Five Thousand ($5,000.00) Dollars on the life of each retiree until his death with the right of the retiree to name the beneficiary. The request, as amended, is hereby granted.

5. The award regarding life insurance was made subject by the Board of Arbitrators "*to the ability to fund the award solely from the existing pension fund to which the Commonwealth of Pennsylvania makes a yearly contribution from the Foreign Casualty Insurance payments.*" (Emphasis supplied.)

On January 10, 1978, the parties hereto filed the stipulation of facts, supra.

As heretofore stated, it is agreed plaintiff is presently receiving the maximum pension benefits authorized under the Police Pension Fund Act of May 29, 1956, as amended, 53 P.S. §771. Section 771 provides:

*"The basis for determining any pension payable under this act, following retirement* of any member of the force meeting the service and age qualifications of the ordinance or resolution establishing a police pension fund, *shall be as follows:*

*"Monthly pension or retirement benefits* other than length of service increments *shall be computed at no more than* one-half the monthly average salary of such member during not more than the last sixty nor less than the last thirty-six months of employment." (Emphasis supplied.)

In the case of Washington Arbitration Case, 436 Pa. 168, 259 A. 2d 437 (1969), the Supreme Court of Pennsylvania held that a political subdivision of the Commonwealth could not implement the terms of an arbitration award which were contrary to the statutes governing said political subdivision's authority to act. In so holding, the Supreme Court stated: "Public employers are in many respects more limited in what they may do vis-a-vis their employees, and those limitations must be maintained. The essence of our decision is that an arbitration award may only require a public employer to do that which it could do voluntarily." See also, Cheltenham Twp. v. Cheltenham Police Dept., 8 Pa. Commonwealth Ct. 360, 301 A. 2d 430 (1973).

In the case at hand, plaintiff is receiving the maximum pension benefits authorized by law. De-

fendant township is precluded by the Police Pension Fund Act, 53 P.S. §771, supra, from paying "more than one-half the monthly average salary" earned by plaintiff as monthly pension or retirement benefits. The premiums required for the payment of the life insurance policy awarded at arbitration would cause defendant to exceed its statutory authority as set forth in 53 P.S. §771, supra. This court holds that defendant township is not required to implement the subject life insurance provision of the arbitration award on behalf of plaintiff in this case, for to do so, defendant would be acting contrary to the law.

Furthermore, the arbitration award itself conditioned the issuance of the subject life insurance "to the ability to fund the award solely from the existing fund to which the Commonwealth of Pennsylvania makes a yearly contribution . . . " Since the Commonwealth has notified defendant township that it would withhold its contributions to defendant's police pension fund if the subject life insurance were issued to plaintiff, it would appear that plaintiff must fail in this case by the terms of the award itself.

In light of the above authority and facts, this court enters an order dated February 28, 1978, sustaining the defendant's motion for judgment on the pleadings.

ORDER

And now, February 28, 1978, after consideration of argument and briefs submitted by respective

counsel before this court en banc, it is hereby ordered and decreed that:

1) Defendant's motion for judgment on pleadings is sustained;

2) Judgment is entered in favor of defendant and against plaintiff;

3) Plaintiff's complaint in mandamus is dismissed.