398 A.2d 168

DAUPHIN COUNTY TECHNICAL SCHOOL EDUCATION
ASSOCIATION, Appellant,

v.

DAUPHIN COUNTY AREA VOCATIONAL–TECHNICAL
SCHOOL BOARD, Appellee,

and

**Elaine J. Hoppe, Intervenor.**

Supreme Court of Pennsylvania.

Argued May 26, 1977.

Decided Oct. 5, 1978.

Reargument Denied Nov. 8, 1978.

Clarence C. Morrison, Harrisburg, for appellant.

Forest N. Myers, Harrisburg, for intervening appellant, Pa. Labor Relations Bd.

James F. Carl, Harrisburg, for appellee.

Charles J. DeHart, III, Harrisburg, for intervenor.

Michael I. Levin, Cleckner & Fearen, Harrisburg, for amicus curiae, Pa. School Boards Assn.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## ORDER OF COURT

PER CURIAM.

The six members of this Court who heard this appeal being equally divided, the order of the Commonwealth Court is affirmed.

POMEROY, J., files an opinion in support of affirmance in which EAGEN, C. J., and O'BRIEN, J., join.

ROBERTS, J., files an opinion in support of reversal in which NIX and MANDERINO, JJ., join.

## OPINION IN SUPPORT OF AFFIRMANCE

POMEROY, Justice.

On June 16, 1974, acting pursuant to the Public Employe Relations Act[1] (PERA), the Dauphin County Area Vocational-Technical School Board ("the School Board" or "the Board") and the Dauphin County Technical Education Association ("the Association") entered into a collective bargaining agreement ("agreement") covering the period July 1, 1974 to June 30, 1977. At issue in this appeal is the scope of a maintenance of membership provision[2] in the agreement which provides as follows:

"The Board agrees that all employees who are presently members of the Association shall be subject to the 'maintenance of membership' provision as defined in Article III, subsection (18) of the Public Employee Relation Act, act 195." Article XVII, Section C of the Agreement.

The subsection of PERA which defines maintenance of membership and which is referred to in the quoted clause of the agreement, *supra*, reads as follows:

" 'Maintenance of membership' means that all employes who have joined an employe organization or who join the employe organization in the future must remain members for the duration of a collective bargaining agreement so providing with the proviso that any such employe or

1. Act of July 23, 1970, P.L. 563, No. 195, Art. I, § 101 *et seq.*, 43 P.S. § 1101.101 *et seq.* (Supp.1978).

2. Maintenance of membership is made a permissible subject of collective bargaining between employee labor organizations and public employers to the extent provided by Section 705 of PERA, 43 P.S. § 1101.705. That section provides:

"Membership dues deductions and maintenance of membership are proper subjects of bargaining with the proviso that as to the latter, the payment of dues and assessments while members, may be the only requisite employment condition."

employes may resign from such employe organization during a period of fifteen days prior to the expiration of any such agreement." Section 301(18) of PERA, 43 P.S. § 1101.301(18).

On September 24, 1973 and on May 29, 1974, Elaine Hoppe, a professional employee of the School Board and a member of the Association, authorized the School Board to deduct from her salary dues to be paid on her behalf to the Association.[3] At a later date, however, after the collective bargaining agreement had come into force, Ms. Hoppe forbade the School Board to deduct and pay over dues to the Association for the 1974–75 school year.[4] The Association

**3.** Deduction of dues from salary as authorized by union members is provided for in paragraph A of Article XVII of the agreement. The dues deduction authorization agreement which Ms. Hoppe signed was in the following form:

"I hereby authorize the Dauphin County Technical School to deduct professional association dues (D.C.T.S.E.A., P.S.E.A., N.E.A.) from my paychecks. Such deduction will be made over _____ consecutive pay periods annually, beginning _____ of each year.

"In the event that I terminate my service with Dauphin County Technical School prior to the total of the annual deductions being made, I understand that the balance necessary to complete the total will be deducted from my final paycheck received from the District.

"This authorization will remain in effect unless cancelled in writing ten (10) days prior to the expiration of the collective bargaining agreement."

It is assumed from appellant's brief, n.1, p. 5, that the initials D.C.T.S.E.A. identify the Dauphin County Technical School Education Association; the initials P.S.E.A. identify the Pennsylvania State Education Association; and the initials N.E.A. identify the National Education Association. The collective bargaining agreement, however, contains no reference to the Pennsylvania State or the National organization.

**4.** On May 25, 1975, Ms. Hoppe tendered to the Association the sum of $11, being the amount of her annual membership dues owed to the local association. The tender did not include any amount for dues to the state and national organizations mentioned in the deduction form, *supra* note 3, and was rejected by the Association. There is nothing in the record which establishes that membership in the Dauphin County Technical School Education Association carried with it membership in the state and national associations, or that the payment of dues to the latter two bodies was a condition of membership in the local association. Since, however, the parties have assumed that Ms. Hoppe's action was contrary to the requirements

then presented a grievance to the School District based on the Board's refusal to discharge Ms. Hoppe for her failure to pay Association dues for the 1974–75 school year. The grievance was submitted to arbitration and, based on the foregoing facts, the arbitrator directed the School Board to terminate Ms. Hoppe's employment. Instead of complying, the School Board appealed the award to the Commonwealth Court.[5] That court, in a unanimous opinion,. reversed the arbitrator. 24 Pa.Cmwlth. 639, 357 A.2d 721 (1976). This appeal by the Association followed. The subscribers to this opinion would affirm.

The Commonwealth Court based its decision upon a perceived conflict between the maintenance of membership provision in the agreement and Section 1122 of the Public School Code of 1949[6] ("the School Code" or "the Code"), 24 P.S. § 11–1122. The Commonwealth Court reasoned that Section 1122 of the Code provides an exhaustive and exclusive list of causes for the discharge of a professional employee;[7] that the list does not include failure to comply with a maintenance of membership undertaking; that the maintenance of membership clause in the instant agreement provided for termination of employment if breached and so was inconsistent with the Code; and hence that the discharge of Ms. Hoppe was contrary to the Code and could not stand.[8]

of union membership, we accept that assumption for the purposes of this appeal.

5. Elaine Hoppe was granted leave to intervene as a party appellant.

6. Act of March 10, 1949, P.L. 30, art. I, § 101 et seq., as amended, 24 P.S. § 1–101 et seq. (1962 & Supp.1968).

7. The causes for discharge of a professional employee as stated in Section 1122 of the School Code are the following: immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, advocation of or participation in un-American or subversive doctrines, and persistent and willful violation of the school laws of this Commonwealth.

8. Section 703 of PERA, 43 P.S. § 1101.703, states:
"The parties to the collective bargaining process shall not effect or implement a provision in a collective bargaining agreement if the implementation of that provision would be in violation of, or

While agreeing with the result below, we cannot accept the *ratio decidendi* employed.[9] The Commonwealth Court seems to have assumed that the maintenance of membership clause, *supra*, calls for termination of employment as the penalty which must be imposed upon a recalcitrant union member. That clause, however, simply incorporates by reference the definitional provision of PERA Section 301(18) as to the phrase "maintenance of membership"; it makes no provision as to what shall or may happen if an employee refuses to allow dues deductions. More specifically, neither the maintenance of membership clause of the agreement nor the statutory definitional clause which it adopts provides for termination of employment as a remedy for non-compliance. The perceived conflict between the contract and the PERA on the one hand and the School Code on the other is, therefore, nonexistent.

The Association urges that the proviso in Section 705[10] itself augments with a ninth ground the eight grounds for the dismissal of a professional employee already found in the School Code, *supra* note 7. While the proviso language is somewhat obtuse, the parties are in agreement that it authorizes the negotiation of a contract provision which would mandate termination of employment of an employee who fails to pay dues and assessments as required by a maintenance of membership clause. Indeed, the proviso goes further and stipulates that non-payment is the only aspect of union membership the disregard of which may be cause for

inconsistent with, or in conflict with any statute or statutes enacted by the General Assembly of the Commonwealth of Pennsylvania or the provisions of municipal home rule charters."

**9.** A decision may be affirmed if it is correct for any reason, although the reason given by the court below may have been faulty. *Sherwood v. Elgart*, 383 Pa. 110, 117 A.2d 899 (1955). *See also, Mazer v. Williams Bros. Co.*, 461 Pa. 587, 594 n.6, 337 A.2d 559, 562 n.6 (1975); *Gilbert v. Korvette, Inc.*, 457 Pa. 602, 604 n.5, 327 A.2d 94, 96 n.5 (1974); *Prynn Estate*, 455 Pa. 192, 197 n.9, 315 A.2d 265, 267 n.9 (1973).

**10.** The proviso to Section 705 of PERA states:
"[as to maintenance of membership], the payment of dues and assessments while members, may be the only requisite employment condition." 43 P.S. § 1101.705.

dismissal from employment as a result of collective bargaining. In any event it is clear that the legislature did not make maintenance of union membership itself a condition to continued employment; it simply provided that the penalty of job termination for the non-payment of dues and assessments was within the scope of bargainability.[11] Here, the parties did not provide for termination for non-payment of dues and neither an arbitrator nor a court is at liberty to supply a term so drastic.

It is now established that an arbitration award rendered pursuant to a collective bargaining agreement under PERA will be upheld if it "draws its essence" from the agreement.[12] The arbitration award in the instant case assumed that because Ms. Hoppe had refused to allow the employer to deduct all of her union dues, the employer was contractually obligated to dismiss her from its employ, and that she was bound to accept such a penalty. This assumption was contrary to fact, for the agreement contains no provision whatever authorizing such action. The award, therefore, cannot be said to meet the "essence" standard.

11. Section 705 is to be contrasted with Sec. 401 of PERA, which allows an employee to refrain from union membership:

"It shall be lawful for public employes to organize, form, join or assist in employe organizations or to engage in lawful concerted activities for the purpose of collective bargaining or other mutual aid and protection or to bargain collectively through representatives of their own free choice and such employes shall also have the right to refrain from any or all such activities, except as may be required pursuant to a maintenance of membership provision in a collective bargaining agreement."

Compare the National Labor Relations Act, 29 U.S.C.A. § 157, et seq., under which employees may be required to become union members after the expiration of a grace period.

12. Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA), 473 Pa. 576, 375 A.2d 1267 (1974), citing the "Steelworkers Trilogy", viz., United Steelworkers v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers v. Enterprise Wheel & Car. Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Cf. Leechburg Area School District v. Leechburg Education Association, 475 Pa. 413, 380 A.2d 1203 (1977); id. at 422, 380 A.2d at 1207 (concurring opinion of POMEROY, J.).

*See also County of Allegheny v. Allegheny County Prison Employees Independent Union,* 476 Pa. 27, 381 A.2d 849 (1977).[13]

The order of the Commonwealth Court should be affirmed.

EAGEN, C. J., and O'BRIEN, J., join in this opinion.

## OPINION IN SUPPORT OF REVERSAL

ROBERTS, Justice.

Elaine J. Hoppe, a professional employee of the Dauphin County Area Vocational-Technical School Board, instructed the Board to discontinue salary deductions for membership dues owing to Dauphin County Technical School Education Association, her bargaining agent. The majority acknowledges that Association dues were mandatory under the maintenance of membership clause in the bargaining agreement and that Ms. Hoppe violated that clause. The majority acknowledges also that section 1101.705 of the Public Employe Relations Act ("PERA"), 43 P.S. §§ 1101.101 et seq. (Supp. 1978–79),[1] permits a bargaining agreement to require the discharge of an employee who fails to pay dues to the employee association of which he or she is a member. In holding that the arbitrator's decision that Ms. Hoppe should be discharged does not draw its essence from the agreement, the majority errs. Accordingly, I dissent.

In *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA),* 473 Pa. 576, 375 A.2d 1267 (1974), this Court discussed the "essence" standard:

"[W]here a task of an arbitrator, PERA or otherwise, has been to determine the intention of the contracting parties

**13.** Our decision today does not, of course, preclude the Association from pursuing such legal or equitable remedies as may be available to it in light of the non-payment and non-collection of Ms. Hoppe's dues. *Cf. Philadelphia Federation of Teachers v. Board of Education,* 458 Pa. 342, 345 n.3, 327 A.2d 47, 49 n.3 (1974).

**1.** Act of July 23, 1970, P.L. 563, Art. I, §§ 101 et seq.

as evidenced by their collective bargaining agreement and the circumstances surrounding its execution, then the arbitrator's award is based on a resolution of a question of fact and is to be respected by the judiciary if 'the interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention . . . .' *Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123, 1128 (3d Cir. 1969)."

Id., 473 Pa. at 593–94, 375 A.2d at 1275;[2] accord, *Lewisburg Area Education Association v. Board of School Directors,* 474 Pa. 102, 376 A.2d 993 (1977). The Court obviously recognized that the arbitrator, if he is to be effective, must be permitted to employ his experience and judgment in interpreting a contract. In the present case Ms. Hoppe clearly violated the maintenance of membership term in the collective bargaining agreement and the arbitrator had only to decide whether the contract permitted her discharge. The arbitrator permissibly concluded that it was the intention of the contracting parties as evidenced by the contract to permit discharge for the failure to pay dues in order to enforce the contractual duty to maintain membership. The majority, in holding that this decision does not draw its essence from the agreement, wrongly substitutes its judgment for the arbitrator's and undermines the salutary purposes of the arbitration process. See *Pittsburgh Joint Collective Bargaining Committee v. City of Pittsburgh,* 481 Pa. 66, 391 A.2d 1318 (1978).[3]

2. My concurring opinion in *Community College of Beaver County* was based on the view that the Court's standard was consistent with the principles of *City of Washington v. Police Dept.,* 436 Pa. 168, 259 A.2d 437 (1969). See *Leechburg Area School Dist. v. Leechburg Educ. Ass'n.,* 475 Pa. 413, 380 A.2d 1203 (1977) (Roberts, J., concurring).

3. The majority here goes far beyond the decision in *County of Allegheny v. Allegheny County Prison Employees Independent Union,* 476 Pa. 27, 381 A.2d 849 (1977) (Roberts, J., dissenting). In that case the Court held that an integration clause in the collective bargaining agreement of prison guards barred an arbitrator's deci-

Because the majority rests its decision on a misapplication of the essence test, it avoids resolving the asserted conflict between the Pennsylvania Public School Code, 24 P.S. § 11–1122, as amended (1962),[4] listing the "only valid causes for termination of a contract . . . with a professional employe . . . " and apparently not including the ground asserted here, and section 1101.301(18) of the PERA, which on its face permits conditioning employment on the maintenance of membership in an employee association. Because the arbitrator's award drew its essence from the agreement, the Court should reach this question of statutory interpretation.

NIX and MANDERINO, JJ., join in this opinion in support of reversal.

sion that pre-contract mealtime practices were implicitly incorporated into the agreement. The Court determined that the contract gave the prison guards no right at all to the continuation of such past practices. In the present case the right of the Association to require maintenance of membership is undisputed. It is this contractual right which supports the arbitrator's award.

4. Act of March 10, 1949, P.L. 30, Art. XI, § 1122, as amended.