Township of Moon, Appellant *v.* Police Officers of the Township of Moon, Appellee.

Moon Township Police Officers, Appellant *v.* Township of Moon, Appellee.

Argued March 13, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, BARRY and COLINS.

*Joseph Mack, III,* with him, *Kurt A. Miller, Thorp, Reed & Armstrong,* and *Ira F. Bradford, Jr.,* for appellant/appellee, Township of Moon.

*Dina G. McIntyre, McIntyre & McIntyre,* for appellee/appellant, Police Officers of the Township of Moon.

OPINION BY JUDGE MACPHAIL, June 1, 1984:

The Township of Moon (Township) appeals here from an order of the Court of Common Pleas of Allegheny County which upheld challenged portions of an arbitration award rendered under the Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§217.1-217.10 (Act 111). The Police Officers of the Township of Moon (Policemen) cross appeal that portion of the Court order which remanded the award of the arbitrator.

The Policemen are a collective bargaining unit constituting the entire police department of the Township except the Chief of Police. In 1981 the Township and the Policemen bargained collectively pursuant to Act 111. After an impasse was reached, the parties proceeded to arbitration before a Board of three arbitrators. The Board rendered its award on March 4, 1982, with the Township's arbitrator dissenting.

The Township challenged Sections 2, 9, and 13 of the award. The court of common pleas upheld Sec-

tion 2, but remanded it to the Board to substitute a tripartite board for a single arbitrator. Additionally, the court struck down Section 9 and upheld Section 13. The Township here continues its challenge to Sections 2 and 13, while the Policemen object to the remand regarding Section 2.[1]

Section 2 of the Board's award replaced the parties' present grievance procedure with a new procedure requiring, *inter alia,* submission of unsettled grievances to binding arbitration in accordance with the rules of the American Arbitration Association and in conformity with the Uniform Arbitration Act, 42 Pa. C. S. §§7301-7320. The common pleas court carefully considered the state of the law regarding grievance arbitration under Act 111, and concluded that the award providing a grievance procedure should be upheld with the exception that Act 111 requires a tripartite panel of arbitrators rather than the single arbitrator provided under the rules of the American Arbitration Association. The court therefore remanded so that the Board could substitute a tripartite panel for the single arbitrator.

Section 13 of the award provided that Policemen may reside up to five miles outside the Township line. In upholding that section the court of common pleas determined that the residency provision was an appropriate subject for arbitration rather than a criterion for employment, citing *Cheltenham Township v. Cheltenham Police Department,* 8 Pa. Commonwealth Ct. 360, 301 A.2d 430 (1973).

The Township appeals Section 2 on the basis that the award of binding arbitration was in excess of the authority of the Board, and an unconstitutional as-

---

[1] We note that the Policemen have withdrawn their appeal of the portion of the court's order vacating Section 9 of the award, and we will not discuss the issue therein.

sumption and delegation of legislative power; and further, that an order to comply with arbitration procedures different from those in Act 111 was in excess of the Board's authority.

We must begin by saying that the judicial view on the propriety of grievance arbitration under Act 111 has evolved in recent years. The Township may no longer rely upon *Allegheny County Firefighters v. County of Allegheny*, 7 Pa. Commonwealth Ct. 81, 299 A.2d 60 (1973), and its progeny, for the holding that a grievance procedure is not a proper subject for arbitration under Act 111. The recent decision by our Supreme Court in *Chirico v. Board of Supervisors for Newtown Township*, Pa. , 470 A.2d 470 (1983), is clear. "[T]he only method for settling grievance disputes allowable within the framework of Act 111 is arbitration." *Id.* at , 470 A.2d at 475. Nor do we think it is significant that the grievance procedure in the instant case was provided by an arbitration board rather than having been written into a contract by the parties. The result is the same: A grievance dispute must be settled by arbitration and not by the courts. An arbitrator may properly order the parties to do that which they could do voluntarily when they contract; *i.e.*, provide an arbitration procedure for the settlement of grievances. We therefore find no merit in the Township's arguments that Section 2 was in excess of the Board's authority and unconstitutional.

Nevertheless, we do find the provisions of the award regarding the rules of the American Arbitration Association to be improper. Without holding that the parties could not have voluntarily chosen to follow the rules of the American Arbitration Association, we will not rule that this course may be mandated by the Board. Our Supreme Court has found

grievance arbitration to be proper within the framework of Act 111. *Chirico.* We hold, as a matter of law, that the arbitration procedure which must be followed where the arbitration provision is part of an arbitration award, is that provided by Section 4 of Act 111, 43 P.S. §217.4. The award in Section 2 was therefore in excess of the Board's powers by not providing that grievence arbitration proceed pursuant to Act 111.[2] We need not remand this matter, but may modify the award accordingly. *See Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969).

In addition, the Township argues that residency requirements are job qualifications, not terms and conditions of employment, and must be within the managerial prerogative of the Township. We find no substantive difference between the provision in Section 13 and that found in *Cheltenham,* 8 Pa. Commonwealth Ct. at 363-64, 301 A.2d at 432, and we decline to overrule *Cheltenham.*

The order of the Court of Common Pleas of Allegheny County is affirmed in part and reversed in part. The award of the Board is modified as to procedures to be followed for grievance arbitration in Section 2.

## ORDER

That part of the order of the Court of Common Pleas of Allegheny County dated December 20, 1982, No. G.D. 82-6872 which denied the Township's peti-

---

[2] The provisions in Section 2 of the award of time lines to follow before proceeding to grievance arbitration, are appropriate under Section 2 of Act 111, 43 P.S. §217.2, which requires that the parties exert every reasonable effort to settle all disputes. We object only to the provision by the Board that grievance arbitration be governed by the rules and regulations of the American Arbitration Association and the Uniform Arbitration Act, and to any of the remaining provisions of Section 2 of the award which are inconsistent with or in contradiction of Act 111.

tion to strike Sections 2 and 13 of the Arbitration Award is affirmed. That part of the Court's order which would require a tripartite board of arbitrators is affirmed. That part of the Court's order which would remand to the Board is vacated.

It is ordered that the Arbitration Award issued March 4, 1982, No. AAA 55-39-0345-81 be and the same is hereby modified such that Section 2 shall provide for submission of grievances to arbitration in accordance with the Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§217.1-217.10, and this opinion.

---

CONCURRING AND DISSENTING OPINION BY JUDGE BARRY:

I see no need to mandate a procedure for grievance arbitration and wish to note my objection to that portion of the majority opinion and order which deals with this subject.

Judge ROGERS and Judge WILLIAMS, JR. join in this Concurring and Dissenting Opinion.