Commonwealth of Pennsylvania, Petitioner *v.* State Conference of State Police Lodges of the Fraternal Order of Police, by its Trustee Ad Litem, John Long, President.

Argued January 28, 1985, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Robert J. Schwartz,* Assistant Counsel, with him, *John D. Raup,* Chief Counsel, for petitioner.

*Anthony C. Busillo, II,* with him, *Gary M. Lightman, Mancke, Lightman and Wagner,* for respondent.

*Alaine S. Williams, Kirschner, Walters, Willig, Weinberg & Dempsey,* for Amicus Curiae.

OPINION BY JUDGE MACPHAIL, March 22, 1985:

The Commonwealth appeals here from an arbitration award made pursuant to the Act of June 24, 1968

(Act 111), P.L. 237, 43 P.S. §§217.1-217.10. The parties to the arbitration proceeding were the Commonwealth, as public employer, and the State Conference of State Police Lodges of the Fraternal Order of Police (FOP), as exclusive representative uniformed State Police employees for purposes of Act 111.

That portion of the award which is here at issue states

6. F.O.P. Demand: Amend Article 5, Assessments, to provide for an agency shop.

6. Commonwealth Demand: No change

Award: The demand of the F.O.P. is granted. The following language shall be added to the contract between the parties.

All employees who do not become Union members after January 1, 1984, shall as a condition of employment pay to the Union each month, a service charge as a contribution toward administration of this Agreement, an amount equal to the regular monthly dues and assessments of the Union. Upon failure to pay the charge, the Employer shall discharge the employee when advised by the Union.

The Commonwealth raises as issues that the award of an agency shop is illegal under various provisions of state and federal law and that an agency shop provision is not within the scope of Act 111 arbitration.

We will address first the questions of federal law which are raised. The Commonwealth argues that the award is in violation of the constitutional rights of those employees who choose not to join the union because the award does not provide an assurance that the payments by non-members will not be used for activities other than collective bargaining activities. The FOP questions the Commonwealth's standing as

employer to raise this issue regarding employees' constitutional rights.

"[A] person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge." *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 192, 346 A.2d 269, 280 (1975) (footnote omitted). In *Board of Commissioners of Montgomery County v. Lukens*, 51 Pa. Commonwealth Ct. 576, 415 A.2d 118 (1980), *aff'd per curiam*, 494 Pa. 64, 428 A.2d 972 (1981), this Court found that the Commissioners, as public employers pursuant to Act 111, lacked standing to challenge the constitutionality of Section 1 of Act 111, 43 P.S. §217.1, where the rights affected were those of the public employees. We hold likewise here, that the rights affected by the instant award are those of the public employees and the Commonwealth lacks standing to bring a constitutional challenge to the award.

We next consider whether an agency shop provision is within the scope of Act 111 arbitration. Section 1 of Act 111 provides that

> Policemen or firemen employed by . . . the Commonwealth shall, through labor organizations or other representatives designated by fifty percent or more of such policemen or firemen, have the right to bargain collectively with their public employers concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits, and shall have the right to an adjustment or settlement of their grievances or disputes in accordance with the terms of this act.

Section 4 of Act 111, 43 P.S. §217.4 provides for arbitration when a dispute between public employer and

employee reaches an impasse. Although Act 111 is silent regarding the specific issue of an agency shop, we cannot read that silence as precluding the topic from collective bargaining.

We are instructed by our Supreme Court that Act 111 and the Pennsylvania Labor Relations Act (PLRA), Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. §§211.1-211.13, are *in pari materia* and are to be construed, within certain limits, as a single statute. *Philadelphia Fire Officers Association v. Pennsylvania Labor Relations Board,* 470 Pa. 550, 555, 369 A.2d 259, 261 (1977).[1] Section 6(1)(c) of the PLRA, 43 P.S. §211.6(1)(c), provides in pertinent part that

> nothing in this act, or in any agreement approved or prescribed thereunder, or in any other statute of this Commonwealth, shall preclude an employer from making an agreement with a labor organization . . . to require, as a condition of employment, membership therein, if such labor organization is the representative of the employes. . . .

An agency shop or closed shop "exists where [the] worker must be [a] member of [the] union as [a] condition precedent to employment." Black's Law Dictionary 322 (revised 4th ed.).

We cannot hold as a matter of law that Act 111 and the PLRA, when read together, do not contemplate the issue of an agency shop as a topic for collective bargaining and arbitration.[2] We find, therefore,

---

[1] Because Act 111 concerns collective bargaining for a limited group of public employees and lacks many of the detailed provisions found in the PLRA, we must use the PLRA to provide those missing details. *See Philadelphia Fire Officers Association,* 470 Pa. at 555, 369 A.2d at 261.

[2] We are mindful of the fact that Sections 401 and 705 of the Public Employe Relations Act (Act 195), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§1101.401 and 1101.705, provide that pub-

that union membership and payment of fees and assessments by non-union employees are permissible subjects for bargaining and arbitration.

We must now decide whether the award was illegal under state law, specifically Section 711 of The Administrative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §251. Section 711(b) of the Code, 71 P.S. §251(b), details the procedure to be followed in the event any enlisted member of the State Police is dismissed or refused reenlistment by the State Police Commissioner before the member has reached mandatory retirement age. The arbitration award in the instant case, however, would compel the discharge of a member of the state police without regard to that procedure. Assuming that a non-union member does not pay the required fees and assessments, dismissal is mandatory. Additionally, a hearing pursuant to Section 711(b) of the Code solely would be to determine whether the police officer had paid dues and assessments as required by the FOP. A finding that payment had not been made would mandate dismissal under the award, contrary to Section 711(b) of the Code which provides, *inter alia,* that the Court-marital Board shall recommend discharge, demotion or refusal of reenlistment to the Commissioner who then has discretion to follow or disregard the recommendation.

lic employees shall have the right to refrain from union activities and that a maintenance of membership provision may require only payment of dues and assessments while a member as a condition of employment. Although these provisions would appear to be in conflict with Section 6(1)(c) of the PLRA, we as a Court are unable to alter the statutes. Although public policy may make desirable uniformity between public employees covered by Act 195 and those covered by Act 111 regarding union security, such uniformity must be achieved by the legislature. Our Supreme Court has found that Act 111 and Act 195 are *not in pari materia. See Geriot v. Council of Borough of Darby,* 491 Pa. 63, 417 A.2d 1144 (1980).

In *Allegheny County Firefighters, Local 1038 v. Allegheny County,* 7 Pa. Commonwealth Ct. 81, 299 A.2d 60 (1973), this Court considered a similar arbitration award which required that fire fighters subject to the terms of the award remain members of the union or maintain good-dues-standing in the union as a condition of employment. We there stated that the award "contemplate[d] the discharge from county employment of any fireman who is not in good-dues-standing with a union to which he may or may not belong." *Id.* at 86, 299 A.2d at 62. We found such a provision to be in conflict with statutory law affording civil service protection to firemen employed by second class counties, including prohibiting their discharge except for stated reasons which did not include union security. Because compliance with the arbitration award would be contrary to statutory law, we found the provision was improper.[3]

Although in the case sub judice Section .711 of the Code does not specify the grounds for discharge of members of the State Police, we find the arbitration award to be in conflict with the statute as stated above. Accordingly, the award may not stand.

The FOP has asked that we vacate only the last sentence of the award in the event we find that it was beyond the powers of the arbitrators to award. We do not believe this fully cures the perceived illegality. Even without the final sentence the award requires non-members of the union to pay dues and assessments *as a condition of employment,* thereby usurping the power of the Court-martial Board and the Commissioner to determine the penalty for failure to pay such monies. We, accordingly, must strike the entire portion of the award which creates an agency shop.

---

[3] An arbitration panel "may not mandate that a governing body carry out an illegal act." *Washington Arbitration Case,* 436 Pa. 168, 176, 259 A.2d 437, 442 (1969).

We emphasize that we have not hereby decided that absent Section 711 of the Code the award is proper. "[A]n arbitration award may only require a public employer to do that which it could do voluntarily." *Washington Arbitration Case,* 436 Pa. 168, 177, 259 A.2d 437, 442 (1969). Neither have we determined that *everything* which a public employer could do voluntarily may be properly awarded by a board of arbitrators. *See Township of Moon v. Police Officers of the Township of Moon,* 83 Pa. Commonwealth Ct. 14,     , 477 A.2d 29, 31 (1984) (petition for allowance of appeal granted October 15, 1984). An evenly divided Supreme Court stated in *Dauphin County Technical School v. Dauphin County,* 483 Pa. 604, 610, 398 A.2d 168, 171 (1978) (POMEROY, J., opinion in support of affirmance), that "the parties did not provide for termination for non-payment of dues and neither an arbitrator nor a court is at liberty to supply a term so drastic."[4] In the instant case the parties were unable to reach a collective bargaining agreement regarding an agency shop provision. We need not decide in this case whether an agency shop resulting from a collective bargaining agreement reached by the parties is permitted by Act 111 when read with the PLRA.[5] We are not convinced, however, that an *arbitrator's award* of an agency shop or a requirement that non-union employees pay union dues and assessments as a con-

---

[4] We note that *Dauphin County Technical School* was decided on the basis of Act 195. The parameters of union security are stated in Sections 401 and 705 of Act 195.

[5] Although this Court has stated that "[i]t is indisputable that agency shops are illegal in the public sector," *Burse v. Pennsylvania Labor Relations Board,* 56 Pa. Commonwealth Ct. 555, 563, 425 A.2d 1182, 1186 (1981), that case was decided under Act 195. Furthermore, the basis for that statement was another Act 195 case, *Pennsylvania Labor Relations Board v. Zelem,* 459 Pa. 399, 329 A.2d 477 (1974). We do not believe the issue has been addressed directly under Act 111.

dition of employment as a State Policeman, could be upheld under any circumstances.

For the foregoing reasons we will strike the award.

### ORDER

The appeal of the Commonwealth is hereby granted. That portion of the arbitration award between the Commonwealth and the State Conference of State Police Lodges of the Fraternal Order of Police (FOP) which grants demand no. 6 of the FOP and provides for an agency shop is hereby stricken.

Judge ROGERS dissents.

Judge WILLIAMS, JR., did not participate in the decision in this case.