Municipality of Penn Hills, Appellant *v.* Municipality of Penn Hills Police et al., Appellees.

Argued March 13, 1985, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE BARRY, COLINS and PALLADINO.

*Wayne V. DeLuca,* with him, *August C. Damian, Damian & DeLuca,* for appellant.

*James D. Zimmer,* for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 11, 1985:

The Municipality of Penn Hills (Municipality) appeals an Allegheny County Common Pleas Court order denying its petition to vacate or modify an arbitration award issued under the Act of June 24, 1968 (Act 111).[1]

In an earlier collective bargaining agreement, the Municipality and the Municipality of Penn Hills Police (Police) agreed upon a grievance process which would culminate in binding arbitration. Both parties, however, were obliged to agree to submit grievances to an arbitrator. When an impasse resulted in the current negotiation on a new collective bargaining agreement, the Municipality and the Police entered into binding arbitration to resolve their remaining disputes,[2] which included the grievance mechanism. The arbitrators' award, *inter alia,* made binding arbitration of unsettled grievances compulsory (as distinguished from the previous agreement's consensual provision) under the new collective bargaining agreement. The Municipality contested the award as being outside the scope of the arbitrators' powers. The common pleas court upheld the award.

---

[1] P.L. 237, *as amended,* 43 P.S. §§217.1—217.10. Act 111's coverage is limited to policemen and firemen employed by the Commonwealth or its political subdivisions. Section 1 of Act 111, 43 P.S. §217.1.

[2] Section 4 of Act 111, 43 P.S. §217.4, mandates binding arbitration when the parties reach an impasse in the collective bargaining process.

Our scope of review of an Act 111 arbitration award is limited to questions of law and the regularity of the proceedings before the arbitrators. *City of Erie v. International Association of Firefighters, Local 293,* 74 Pa. Commonwealth Ct. 245, 459 A.2d 1320 (1983), *appeal dismissed,* 505 Pa. 505, 481 A.2d 610 (1984).

In this appeal, the Municipality contends that the panel of arbitrators exceeded its authority under Act 111 by ordering the inclusion of compulsory binding arbitration in the labor-management contract. We are asked to determine whether grievance procedures are a proper subject of Act 111 arbitration.

We recently resolved this precise question in *Township of Moon v. Police Officers of the Township of Moon,* 83 Pa. Commonwealth Ct. 14, 477 A.2d 29 (1984). That case also concerned an Act 111 arbitration award replacing an existing grievance procedure with a compulsory binding arbitration system. In light of our Supreme Court's decision in *Chirico v. Board of Supervisors of Newtown Township,* 504 Pa. 71, 470 A.2d 470 (1983),[3] we held in *Township of Moon* that the arbitrators did not exceed their Act 111 authority by ordering mandatory binding arbitration of grievances. We therefore hold that the arbitrators did not overstep their powers granted by Act 111 when they amended the system of binding arbitration to render it compulsory rather than voluntary.

In *Township of Moon* the dispute concerned the very nature of the grievance mechanism. The award

---

[3] *Chirico* held that arbitration was the sole permissible method for resolving grievances within Act 111's framework. *Id.* at 79, 470 A.2d at 475. We indicated in *Township of Moon* that *Chirico* had eroded the reliability of *Allegheny County Firefighters v. County of Allegheny,* 7 Pa. Commonwealth Ct. 81, 299 A.2d 60 (1973), and its progeny, which held that grievance procedures were not a proper subject of Act 111 arbitration.

imposed grievance arbitration where none had previously been in place. Since this grievance arbitration system was established *as part of an Act 111 award,* we held that only Act 111's three-arbitrator system could be imposed upon the parties. We therefore modified the award to provide for three grievance arbitrators. Here, however, the only disputed point was whether the existing grievance arbitration structure should be made compulsory. The grievance arbitration mechanism, including the employment of a single arbitrator, had been created *by earlier agreement of the Municipality and the Police.* There is no dispute over the use of a single arbitrator. Accordingly, there is no basis for modifying this award.

We affirm the common pleas court's denial of the Municipality's petition to vacate or modify the arbitrators' award.

### Order

The order of the Allegheny County Common Pleas Court, No. GD 83-6549 dated January 12, 1984, is affirmed.