**UPPER GWYNEDD TOWNSHIP,**
Appellant,

v.

**UPPER GWYNEDD TOWNSHIP**
**POLICE ASSOCIATION.**

Commonwealth Court of Pennsylvania.

Argued March 6, 2001.

Decided May 24, 2001.

Robert J. Kerns, Lansdale, for appellant.

Anthony M. Caputo, Harrisburg, for appellee.

Before DOYLE, President Judge, and KELLEY, J., and FLAHERTY, Senior Judge.

DOYLE, President Judge.

Upper Gwynedd Township (Township) appeals from a final order of the Montgomery County Court of Common Pleas, which affirmed, in part, the Award of Arbitrators establishing a grievance procedure for disciplinary actions. The sole issue before the Court is whether an Act 111[1] interest arbitration panel may insert into its award a provision providing for binding grievance arbitration, including matters of police discipline.[2]

The Township and the Upper Gwynedd Township Police Association (Police Association) are parties to a collective bargaining agreement (CBA) that expired on December 31, 1999. In early 1999, the parties commenced collective bargaining. Among the issues that were discussed was the establishment of a grievance procedure, as the expiring CBA had no grievance arbitration clause. In July of 1999, the parties reached an impasse, being unable to resolve their bargaining disputes, and an interest arbitration panel was selected to hear and decide the issues under the procedures established by Act 111. The Police Association's proposal included, *inter alia,* a four-step grievance process that would address all grievable issues, including disciplinary action. The Township's proposal limited the grievance procedure to the interpretation

---

1. Act of June 24, 1968, P.L. 237, No. 111, *as amended,* 43 P.S. §§ 217.1–217.10, known as Act 111.

2. There is a clear distinction between interest arbitration and grievance arbitration. In a grievance arbitration, the arbitrator is either interpreting the provisions of an existing collective bargaining agreement or dealing with matters of discipline involving members of the bargaining unit. Interest arbitration is an extension of the collective bargaining process, involves the arbitrator after an impasse is reached, and the resulting arbitration award is, in effect, the new contract which replaces the collective bargaining agreement. *See, e.g., Pennsylvania State Police v. Pennsylvania State Troopers' Ass'n (Betancourt),* 540 Pa. 66, 656 A.2d 83 (1995).

of the terms of the CBA and to issues involving benefits under the Heart and Lung Act;[3] the Township's proposal specifically **excluded** disciplinary matters, matters subject to Civil Service Commission jurisdiction, and matters subject to management rights.

Following a hearing, the arbitration panel issued an award on June 19, 2000. The interest arbitration award included: (1) the establishment of a grievance procedure of any dispute between the police and the Township, *including disputes involving disciplinary action;* (2) the elimination of a $2,200 cap on longevity bonuses; and (3) the implementation of a twelve-hour shift schedule, with retention of jurisdiction by the arbitration panel to monitor that implementation.

The Township filed an appeal with Common Pleas (contesting the three major items of the award listed above), which conducted a hearing on August 18, 2000. By order dated September 1, 2000, Common Pleas affirmed the award with respect to the elimination of the $2,200 longevity cap and the grievance procedure and reversed retention of jurisdiction by the arbitration panel as regards the implementation of the twelve-hour shift schedule. The present appeal by the Township ensued.

As indicated, the sole issue that the Township raises on appeal is whether the interest arbitration award properly included a grievance procedure in the award that encompassed arbitration of disciplinary matters. A review of the record indicates that the proposed grievance procedures proposed by both the Township and the Police Association before the interest arbitration panel were substantially the same in that both contained a proposal for binding grievance arbitration, but the difference between the Township's proposal and the Police Association's proposal[4] focused narrowly on whether arbitration under Act 111 for *disciplinary matters* should, or could, be included in a collective bargaining agreement where the First Class Township Code (Code)[5] establishes a procedure for dealing with disciplinary matters. The Township contends that the arbitration panel exceeded its authority by establishing a grievance procedure that included matters of discipline, which is inconsistent with, and in violation of, Section

3. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–638, popularly called the Heart and Lung Act.

4. The Township's proposal contained the following language:

> The Grievance Procedure hereinafter described shall apply only to issues regarding the interpretation of the terms of this Agreement and to issues of benefits under the Heart and Lung Act. It shall not apply to matters involving discipline, matters which are subject to Civil Service Commission jurisdiction, or matters which are properly the subject of management rights.

(Original Record, Exhibit C.) The proposal went on to delineate a three-step grievance procedure, culminating in binding arbitration. *Id.*

The Police Association's proposal contained the following language:

> *Definition:* A grievance procedure shall be defined as any dispute between the police and employer concerning the interpretation, application or claim of any violation of any of the expressed provisions of this agreement, or departmental rules, regulations or policies as applied to members of the police department, including whether a police officer is entitled to benefits pursuant to the Heart and Lung Act or whether any disciplinary action is warranted under a "just cause" standard.

(Original Record, Exhibit D.) The proposal went on to delineate a five-step grievance procedure, culminating in binding arbitration. *Id.*

5. Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §§ 55101–58502.

625 of the Code, 53 P.S. § 55625. The Township argues that Section 625 of the Code provides that:

No person shall hereafter be suspended, removed or reduced in rank as a paid employe in any police force or as a paid operator of fire apparatus of any township, except in accordance with the provisions of this subdivision.

53 P.S. § 55625, and that matters of discipline are to be decided *exclusively* in proceedings before the Civil Service Commission under Sections 644 and 645 of the Code, 53 P.S. §§ 55644, 55645, which set forth the procedure for removals and hearings on dismissals and demotions.

■ Act 111 was adopted in 1968 and conferred upon policemen and firemen the right to bargain collectively, through their unions, over the terms and conditions of their employment. The Act provides for a mechanism to invoke binding interest arbitration where there is a bargaining impasse, the issuance of written notices and the composition of the arbitration panel. The General Assembly also included a provision that, "The determination of the majority of the board of arbitration ... shall be final on the issue or issues in dispute and shall be binding upon the public employer and the policemen or firemen involved.... No appeal therefrom shall be allowed to any court." 43 P.S. § 217.7. However, the Supreme Court has held that, when reviewing an arbitration award issued under the authority of Act 111, there is a limited right of appeal, and our standard of review is limited certiorari, which permits an appellate court to consider questions concerning: (1) the arbitrator's jurisdiction; (2) the regularity of the proceedings; (3) an excess of the arbitrator's powers; and (4) the deprivation of constitutional rights. *Betancourt.* In addition, under *Betancourt* and its progeny, an arbitrator "may not mandate that an

illegal act be carried out; he or she may only require a public employer to do that which the employer could do voluntarily ... [and] the award must encompass only terms and conditions of employment...." *Betancourt,* 540 Pa. at 79, 656 A.2d at 90.

■ Under our limited review, therefore, for an interest arbitration panel to exceed its authority, it must have either mandated an illegal act or granted an award which addresses issues outside of and beyond the terms and conditions of employment. *Town of McCandless v. McCandless Police Officers Association,* 677 A.2d 879 (Pa.Cmwlth.1996), *petition for allowance of appeal denied,* 547 Pa. 760, 692 A.2d 568 (1997). Because grievance arbitration of disciplinary matters is a term or condition of employment, *Betancourt,* the Township's challenge is grounded on the premise that inclusion of an all-inclusive grievance arbitration clause, **including the discipline of the police officers,** is an illegal act because it conflicts with the exclusive provisions for dealing with disciplinary matters housed in the Code. We must disagree.

Initially, we examine the relevant portions of the applicable subdivision of the Code. A review of Sections 625 through 650, 53 P.S. §§ 55625–55650, reveals that the statute deals with the creation and operation of the Civil Service Commission in a First Class Township. The language in the section at issue is contained within a provision that applies to actions of the Township in the hiring, promotion or firing of civil service employees. That is, and of significance to the matter before us, the Township is required to conform to certain hiring and promotional practices and is precluded from **unilateral** action in suspension, removal or demotion actions. Nowhere in the statute, including the sections that comprise the creation and operation of the Commission, does the statute either

forbid or otherwise address grievance procedures under a collective bargaining agreement or binding arbitration. Also distinctly absent from the statute is a statement that the statute is the *exclusive* mechanism by which police officers and firemen may be disciplined as the Township contends.

The Supreme Court, in a recent pronouncement on Act 111, indicated that the "manner in which grievances between police officers and their public employers are resolved" is through the provisions of Act 111. *Township of Sugarloaf v. Bowling*, 563 Pa. 237, 241, 759 A.2d 913, 915 (2000). Pursuant to Section 1 of Act 111, 43 P.S. § 217.1, entitled "Right to Bargain," police and fire fighters are accorded "the right to bargain collectively with their public employers concerning the terms and conditions of their employment...." [6] The manner in which police officers are disciplined, of course, is a condition of their employment.

Instructive on this issue are the decisions of *Township of Moon v. Police Officers of the Township of Moon*, 508 Pa. 495, 498 A.2d 1305 (1985) (*Township of Moon II*), and *Henshey v. Township of Lower Merion*, 138 Pa.Cmwlth. 360, 588 A.2d 83 (1991).

In *Township of Moon v. Police Officers of the Township of Moon*, 83 Pa.Cmwlth. 14, 477 A.2d 29 (1984), *aff'd as modified*, 508 Pa. 495, 498 A.2d 1305 (1985) (*Township of Moon I*), the issue was whether an interest arbitration panel could include a provision for binding grievance arbitration in an arbitration award. The township

and its police officers had reached an impasse in its collective bargaining efforts and the parties had proceeded to arbitration under Act 111. The arbitration panel rendered an award that replaced the parties' former grievance procedure with a binding arbitration procedure for the settlement of grievances. The township appealed on the basis that such an award exceeded the authority of the panel and was an unconstitutional delegation of legislative power. We concluded that, a "grievance dispute must be settled by arbitration," [7] and saw no difference between a grievance procedure provided in an arbitration award and one provided in a collective bargaining agreement. Therein we stated:

> Nor do we think it is significant that the grievance procedure in the instant case was provided by an arbitration board rather than having been written into a contract by the parties. The result is the same: A grievance dispute must be settled by arbitration and not by the courts. **An arbitrator may properly order the parties to do that which they could do voluntarily when they contract; i.e., provide an arbitration procedure for the settlement of grievances...."**

*Id.* at 31 (emphasis added). The township then took the matter to the Supreme Court on appeal.

Citing *Chirico v. Board of Supervisors of Newton Township*, 504 Pa. 71, 470 A.2d 470 (1983), the Supreme Court, in *Township of Moon II*, held that an interest arbitration panel *does* have the authority to reach an award addressing any matter

---

6. 43 P.S. § 217.1 states in pertinent part:
   Policemen or firemen employed by a political subdivision of the Commonwealth ... shall ... have the right to bargain collectively ... concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits, and shall have the right to an adjustment or settlement of their grievances or disputes in accordance with the terms of this act.

7. *Township of Moon I*, 477 A.2d at 31.

which is a term or condition of employment and that arbitration is the proper method for resolving grievances. That Court, therefore, determined that an arbitration panel could properly include a procedure for binding arbitration of grievances in its interest arbitration award.

In *Henshey*, we refused to stay the arbitration of a grievance involving a disciplinary matter, holding that a police officer had the right to arbitrate the grievance despite the availability of a civil service proceeding that could address the same matter. We focused there on whether the availability of the civil service proceeding precluded arbitration and concluded that, "in matters of discipline of local police officers the civil service provisions under The First Class Township Code are ... not 'sacrosanct' for they also would involve employment-related disciplinary matters which may appropriately be referred to grievance arbitration pursuant to Act 111." *Henshey*, 588 A.2d at 86. The Township argues that *Henshey* is not controlling because it involved an actual grievance arbitration proceeding rather than an interest arbitration proceeding as here, and that the township in *Henshey* voluntarily agreed to a grievance procedure involving matters of discipline under the terms of its CBA, where the Township here did not. The Township has misapprehended the circumstances and the basis for our decision in *Henshey*, which follow. Essentially, we held in *Henshey* that, under *either* an arbitration award *or* a collective bargaining agreement, a provision for binding grievance arbitration over matters of police discipline is permissible.

Officer Henshey received a notice of discharge on December 22, 1988, regarding an incident that had occurred on December 6, 1988. On December 22, 1988, Officer Henshey was "entitled to a hearing pursuant to the civil service provisions of

The First Class Township Code (Code)." *Id.* at 84 (footnote omitted) (emphasis added). Also existing on December 22, 1988, was an interest arbitration *award* (1986 Award), effective for the period from January 1, 1986 through December 31, 1988, governing grievance procedures during its term. Henshey elected to utilize the grievance procedure under the interest arbitration award rather than a hearing under the Code. Lower Merion Township appealed. We specifically reviewed the issue of whether Officer Henshey *must* utilize the hearing procedure under the Code and whether the 1986 Award violated statutory law by including a disciplinary grievance procedure, other than a hearing under the Code, in that award. We framed our analysis of the provisions of the Code, Act 111, and the 1986 Award in terms of, "*IF* the arbitration of Henshey's discharge was contrary to explicit statutory law or, *IF* the arbitration procedure was in conflict with a fundamental statutory scheme granting exclusive authority over discipline to the Civil Service Commission, then a board of arbitration, even under Act 111, would be prohibited from including such a provision in its award...." *Id.* at 84–85 (citations omitted) (footnote omitted). We concluded that "the civil service appeal structure for members of a local police force [*i.e.* under the First Class Township Code], are likewise not part of a fundamental statutory scheme." *Id.* at 86 (footnote omitted).

The Township also attacks *Henshey* on the basis that it relied on *Commonwealth v. State Conference of State Police Lodges of the Fraternal Order of Police*, 525 Pa. 40, 575 A.2d 94 (1990) (*FOP II*), as controlling. The Township argues that *FOP II* cannot be controlling here because it involved an alternative grievance procedure for the court martial of state troopers where the Commissioner of the State Police plays a dual role of both prosecutor

and judge. It asserts that such an alternative procedure (grievance arbitration) before an impartial arbitrator was necessary in *FOP II* to ensure that an accused officer received an impartial hearing and is distinct from the matter before us. However, this challenge fails to consider the effect of the subsequent history of *FOP II*.

The underlying decision of this Court in *FOP II* was *Commonwealth v. State Conference of State Police Lodges of the Fraternal Order of Police*, 117 Pa.Cmwlth. 564, 546 A.2d 697 (1988) (*FOP I*), where we were called upon to review an arbitration award and decide whether the state police were bound by court martial proceedings in disciplinary actions *and* the separate distinct second issue of whether an increase in the troopers' pension benefits was permitted by an arbitration award. We held there that the police *were* bound by court martial proceedings, which were meant to be the exclusive means of discipline for state troopers, and we further held that the arbitrators exceeded their authority in granting an increase in pension benefits to the troopers and that such an increase was contrary to law. The Supreme Court disagreed and reversed this Court on both counts. *FOP II*. The Supreme Court concluded that the State Employees' Retirement Code,[8] did not preclude arbitration of pension benefits and that grievance arbitration was a viable alternative for challenging offenses subject to court martial proceedings. The Pennsylvania General Assembly acted almost immediately to change the statutory law to overrule the *FOP II* decision regarding

pension benefits and to preclude the negotiation of such benefits in a collective bargaining setting, 71 Pa.C.S. § 5955, *amended by* the Act of August 5, 1991, P.L. 183, No. 23, § 24, effective immediately; but, the General Assembly **never** altered the statutory law to preclude arbitration of police or state trooper discipline by binding grievance arbitration. If the legislature had wanted to change this, it could have done so, but it chose instead to act on one issue (pension benefits), but not the other (grievance arbitration). Thus, *FOP II*, and *Henshey* support the decision we reach today.

■ Accordingly, we hold that Common Pleas correctly determined that an arbitration panel may properly include an arbitration procedure for the settlement of grievances, including matters of police discipline, as part of its arbitration award and the judgement of the common pleas court is affirmed.[9]

### *ORDER*

**NOW,** May 24, 2001, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.

---

8. 71 Pa.C.S. §§ 5101–5956.

9. The Township also relies on *Snizaski v. Zaleski*, 410 Pa. 548, 550, 189 A.2d 284, 286 (1963), for the proposition that strict compliance with the provisions of the Civil Service Act "is required and that substantial compliance is not sufficient." However, *Snizaski* is inapposite as actions of the Township, which

would invoke the Code, are not at issue here, it pre-dates Act 111, involves the Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §§ 35101–39701, and relates only to the selection and hiring of municipal employees rather than dismissals, demotions or arbitrations.